NOT FOR PUBLICATION                                                    (Doc. No. 14)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                              :
UNITE HERE, LOCAL 54, in its                  :
representative capacity on behalf of          :
all LOCAL 54 members; and                     :
C. ROBERT MCDEVITT                            :
203-205 N. Sovereign Avenue                   :
Atlantic City, NJ 08401,                      :
                                              :
                    Plaintiffs,               :
                                              :
        v.                                    :
                                              :
CITY OF ATLANTIC CITY; ATLANTIC               :
CITY HEALTH DEPARTMENT,                       :      Civil No. 11-6273 (RBK/AMD)
DIVISION OF ENVIRONMENTAL                     :
HEALTH; G. BRUCE WARD, in his                 :      **OPINION**
capacity as Solicitor of the City of Atlantic :
City; RON CASH, in his capacity as            :
Director of the Atlantic City Health          :
Department; MARTIN J. CONNIE, in his          :
capacity as Principal REHS, Atlantic City     :
Health Department; and                        :
ATLANTIC CITY POLICE                          :
DEPARTMENT                                    :
1301 Bacharach Blvd.                          :
Atlantic City, NJ 08401,                      :
                                              :
                    Defendants.               :
_____ :

**KUGLER**, United States District Judge:

        This matter comes before the Court on the motion of UNITE HERE, Local 54, in its

representative capacity, and C. Robert McDevitt ("Plaintiffs") for payment of attorneys' fees and

costs by the above-listed Defendants, pursuant to 42 U.S.C. § 1988.  Plaintiffs seek reasonable

attorneys' fees and costs in conjunction with the litigation of claims brought against Defendant

under 42 U.S.C. § 1983.  Because the Court finds that Plaintiffs are a prevailing party within the meaning of § 1988, and because the Court finds that Plaintiffs' requested fees are reasonable, Plaintiffs' motion is granted.

## I.     BACKGROUND

On October 26, 2011, Plaintiffs filed a Complaint in this Court for injunctive and declaratory relief against Defendants, alleging that Defendants sought to enforce "restrictions on sound production" that are "unconstitutional because they burden substantially more speech than is necessary to further any legitimate city interest."  Compl., ¶ 3.  Specifically, Plaintiffs alleged that Local 54 and its supporters were "engaged in regular, peaceful picketing" outside of the premises of Defendant Resorts Atlantic City Casino Hotel "[a]s part of [the union's] labor dispute with Resorts."  Id. at ¶ 16.  Alleging that Defendant Atlantic City had "embarked on a pattern of conduct intended to interfere with [the union's] peaceful picketing," Id. at 21, including issuance of a "Notice of Violation" as well as threats of issuing citations for violation of city ordinances, specifically City Code § 186 et seq., ¶¶ 51-56, Plaintiffs sought a temporary restraining order, preliminary injunction, and permanent injunction "prohibiting defendants from arresting or citing, or threatening to arrest or cite" Plaintiffs or their members for certain acts of noise production related to their picketing, and prohibiting Defendants from enforcing § 186-8(F) of the Atlantic City Code.  Compl.  Plaintiffs also sought declaratory relief finding that Defendants' conduct violated Plaintiffs' First Amendment rights, as well as attorneys' fees, costs, and any other relief the Court deemed appropriate.  Compl.  After a hearing on October 27, 2011, wherein Defendants avowed that they would not enforce the City Code Section previously cited, or take other action with respect to Plaintiffs' picketing, this Court denied Plaintiffs' motion for a temporary restraining order and preliminary injunction.

On November 9, 2011, Plaintiffs filed an Amended Complaint that included the allegations contained in its original Complaint, but also described events taking place on November 5, 2011, wherein picketing Local 54 employees were approached by members of the Atlantic City Police Department and ordered to "quiet down" the picketing. Am. Compl., ¶¶ 78-80. Accordingly the Amended Complaint sought the relief requested in the initial Complaint, as well as injunctive relief pertaining to new sections of the City Code that had been quoted to Plaintiffs. Plaintiffs then filed an emergency motion for a temporary restraining order and preliminary injunction on November 9, 2011. This Court issued an order to show cause, Doc. No. 9, and a hearing was held before the Court on November 10, 2011. That day, pursuant to the hearing, and with "the parties having agreed" to its entry, the Court entered an Order enjoining Defendants "from arresting or citing, or threatening to arrest or cite, members or representatives of UNITE HERE Local 54 for peacefully using bullhorns, drums, whistles, or other sound-production devices at any sound level on the Boardwalk . . ." and nearby areas. Doc. No. 11. The Order also provided that "all those in active concert or participation" with Atlantic City "who receive notice of this Order" would "take all reasonable steps to communicate and effectuate the provisions of this Order" to Defendant Police Department and Health Department. Id. The Court indicated that the Order would be in effect "for so long as the instant labor dispute is active unless and until the Court otherwise orders upon application of either party on its own accord . . . ." Id. at ¶ 4. On November 22, 2011, Plaintiffs filed the instant motion for attorneys' fees and costs.

II.     STANDARD

A. 42 U.S.C. § 1988

Title 42 U.S.C. § 1988(b) provides courts with discretion to grant a "reasonable
attorney's fee" to a "prevailing party" in a § 1983 action.  A plaintiff is considered "prevailing"
when "actual relief on the merits of his claim materially alters the legal relationship between the
parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."
Farrar v. Hobby, 506 U.S. 103, 111-12, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992); see Texas
State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93, 109 S. Ct. 1486, 103 L.
Ed. 2d 866 (1989) (finding that "the touchstone of the prevailing party inquiry must be the
material alteration of the legal relationship of the parties"); Rhodes v. Stewart, 488 U.S. 1, 4, 109
S. Ct. 202, 102 L. Ed. 2d 1 (1988) (noting that for § 1988 purposes a judgment must "affect the
behavior of the defendant toward the plaintiff"); Hewitt v. Helms, 482 U.S. 755, 761, 107 S. Ct.
2672, 96 L. Ed. 2d 654 (1987) (finding that a plaintiff prevails only when he proves "the settling
of some dispute which affects the behavior of the defendant towards the plaintiff").

B. Reasonableness of Fees

The burden of proving that a request for attorneys' fees is reasonable rests on the party
seeking the fees.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  To satisfy this
burden, the petitioner must "submit evidence supporting the hours worked and rates claimed."
Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).
The district court is afforded a "great deal of discretion" to adjust the awarded fee in light of the
opponent's objections.  Id.  The starting point of a district court's analysis is the lodestar amount,
which is "the number of hours reasonably expended on the litigation multiplied by a reasonable
hourly rate."  Id. (quoting Hensley, 461 U.S. at 433).  "The Court may not make a finding of

reasonableness based on a generalized sense of appropriateness, but must rely on the record."

Acosta v. Nat'l Packaging, Inc., No. 09-701, 2010 U.S. Dist. LEXIS 75847, 2010 WL 3001191,

at *8 (D.N.J. July 28, 2010) (citing Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 361 (3d

Cir. 2001)).  In fact, "it is necessary that the Court go line, by line, by line through the billing

records supporting the fee request" in order to satisfy the required reasonableness inquiry.  Evans

v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 362 (3d Cir. 2001) (internal citations omitted).

## III.   DISCUSSION

### A. Plaintiffs Are a "Prevailing Party" Within the Meaning of § 1988

Defendants argue that "Plaintiffs' transient victory at the threshold of litigation does not

qualify for a fee award," because "there has been no adjudication" of Plaintiffs' "sole claim"—

that is, that Defendants violated Plaintiffs' rights under the First Amendment.[1]  Therefore,

Defendants argue, Plaintiffs are not a prevailing party within the meaning of 42 U.S.C. § 1988.

Both parties recognize that "the touchstone of the prevailing party inquiry must be the

material alteration of the legal relationship of the parties."  Texas State Teachers Ass'n v.

Garland Indep. Sch. Dist., 489 U.S. 782, 792-93, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989).  As

Defendants point out, the Third Circuit, like the Supreme Court, has "identified two resolutions

that establish prevailing party eligibility: (1) judgments on the merits, and (2) court-ordered

consent decrees (including settlement agreements enforced through consent decrees)."  Singer

Management Consultants v. Milgram, 650 F.3d 223, 228 (3d Cir. 2011).  The Supreme Court

had previously recognized the "catalyst theory" of prevailing-party status, whereby attorneys'

fees could be awarded in circumstances where defendants "'voluntarily changed their behavior to

---

[1] Because a claim under § 1983 necessarily raises a constitutional tort claim against a state actor, violation of the
Fourteenth Amendment must be alleged in concert with a substantive claim of constitutional violation under another
Amendment.  Plaintiffs' Amended Complaint alleges only that "Defendants' policies threaten to violate Plaintiffs'
rights, privileges and immunities under the First Amendment to the United States Constitution and 42 U.S.C.
§ 1983."  Am. Compl., ¶ 2.

eliminate the complained-of conduct.'" Id. at 231 (quoting Baumgartner v. Harrisburg Hous. Auth., 21 F.3d 541, 544 (3d Cir. 1994), overruled by Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602-05 (2001)).  The catalyst theory is no longer the governing law.  Buckhannon, 532 U.S. at 605.  However, the Supreme Court has made clear that a "'court-ordered consent decree'" does authorize prevailing-party status for the purposes of § 1988.  Singer, 650 F.3d at 231 (quoting Buckhannon, 532 U.S. at 605).  This is presumably because, in contrast to the catalyst-theory situation, where there is "no judicially sanctioned change in the parties' legal relationship," entry of a consent decree signals that a plaintiff has acquired "judicial relief" that changes the relationship of the parties.  Singer, 650 F.3d at 231-32 (internal quotations omitted).

This Court's November 10, 2011 Order is a consent decree, as defined by Third Circuit case law.  In Truesdell v. Philadelphia Housing Authority, the Court of Appeals determined that an order enforcing a stipulation between parties was a consent order because it "(1) contains mandatory language (e.g., "The [PHA] shall provide . . ."), (2) is entitled "Order," and (3) bears the signature of the District Court judge, not the parties' counsel."  290 F.3d 159, 165 (3d Cir. 2002).  This Court's November 10, 2011 Order similarly contains mandatory language.  See Doc. No. 11 ("the City, its officers, . . . and all those in active concert or participation with it . . . are hereby enjoined and restrained from arresting or citing"; "That the City . . . take all reasonable steps to communicate and effectuate the provisions of this Order").  Like the order in Truesdell, the November 10, 2011 Order is also entitled "Order," and bears the signature of the judge, not parties' counsel.  Accordingly, the Order contains the elements required by the Third Circuit to be considered a consent decree.

Like the Truesdell Court, this Court must next consider whether the November 10, 2011 Order renders Plaintiffs "a prevailing party by materially altering the legal relationship between" Plaintiffs and Defendants.  Truesdell, 290 F.3d at 165 (internal quotation marks omitted).  In performing this analysis, the Court in Truesdell highlighted the "generous formulation of prevailing party status" established by applicable Supreme Court precedent.  Id. (internal quotation marks omitted).  This Court finds, based upon the governing Third Circuit precedent, that the consent decree obtained by Plaintiffs did, indeed, materially alter the relationship between the parties.

In Singer Management Consultants v. Milgram, the Third Circuit addressed en banc the following question: "Does a party 'prevail' within the meaning of 42 U.S.C. § 1988 if it obtains a temporary restraining order the day after it files suit (after a hearing but before briefing from the opposing side), but 22 days later is denied a preliminary injunction because the opposing party's voluntary change of position moots its case?"  650 F.3d at 224.  The Singer Court answered in the negative.  However, the case at bar would appear to present the opposite scenario from that observed in Singer, as Plaintiffs here were denied a temporary restraining order the day after they initially filed suit, but received a preliminary injunction fifteen days after filing the initial Complaint (one day after filing the Amended Complaint).  This distinction between the factual progression in Singer and the case at bar is significant.  Here, because Defendants represented at the October 27, 2011 hearing[2] that they would not attempt to enforce or continue threatening to enforce noise production and other city ordinances, this Court denied Plaintiffs' motion for a temporary restraining order.  However, by the November 10, 2011 hearing, further incidents involving enforcement threats allegedly occurred at the picket lines, as claimed in Plaintiffs'

---

[2] Despite having been Court-ordered to do so, Defendants did not appear in person at the October 27, 2011 hearing, and participated via telephone when contacted by the Court.

Amended Complaint.  As a result, although Defendants also avowed at the November 10, 2011 hearing that they would not enforce or threaten to enforce city ordinances against the picketers, Plaintiffs were unwilling to accept Defendants' promise again, and demanded an order from the Court that would not only enjoin Defendants from the complained-of activity, but would also require Defendants to notify law enforcement officials that such an order was in place. Defendants consented to such an order, and the Court entered the preliminary injunction Order by the consent of the parties.

By contrast, in Singer, the district court in that case had found that plaintiff "was not a prevailing party because [Judge Debevoise] 'did not enter a preliminary injunction or any other order on the merits of the case.'"  Singer, 650 F.3d 223, 228 (3d Cir. 2011) (quoting trial court record).  Furthermore, the trial court indicated that "[w]hile it may be true that this court's involvement aided in the resolution of the constitutional issues between the parties, the fact remains that the issues were not resolved as the result of a court order." Id.  As explained above, the situation here is markedly different, because this Court's Order gave legal effect to the parties' agreement.  Moreover, it was not the mere fact of a lawsuit that catalyzed the change in Defendants' behavior.  Thus this Court's Order effected a "material alteration of the legal relationship of the parties." Texas State Teachers Ass'n, 489 U.S. at 792-93.

Accordingly, this Court's November 10, 2011 preliminary injunction Order is a consent decree materially altering the relationship between the parties, and therefore renders Plaintiffs a prevailing party eligible for recovery of reasonable fees and costs pursuant to 42 U.S.C. § 1988.

### B. Plaintiffs' Requested Fees Are Reasonable

Defendants do not appear to argue that the fees requested by Plaintiffs are unreasonable; in fact, Defendants do not address at all the number of hours worked or the hourly rates claimed

by Plaintiffs.  This Court nevertheless makes an independent inquiry into the reasonableness of the fees claimed.

Plaintiffs claim that the following attorneys have participated to some degree in this matter: William T. Josem, Regina Hertzig, and Cassie Ehrenberg (from Cleary & Josem, LLP); and Richard McCracken, Andrew Kahn, and Paul More (from Davis, Comwell & Bowe, LLP, counsel to the international UNITE HERE union).   The work contributed by these attorneys is characterized as follows: Complaint and First Injunction Motion (65.75 hours), Interim Advice (.90 hours), Amended Complaint and Second Injunction Motion (35.35 hours), and Attorneys Fees and Costs Motion (13.35 hours).  Plaintiffs have provided an declaration by Mr. Josem swearing to the amount of hours claimed by each attorney and each attorney's hourly rate, and have also provided each attorney's resume.  Plaintiffs' exhibits also include a detailed record of how each attorney's time was allocated in this matter.  Based on the documents submitted to the Court, the following table lists each attorney's rank, years of experience, hourly rate, and hours of work claimed for this case:

| Attorney Name | Title | Years of Experience | Hourly Rate | Hours Claimed | Total Claimed |
|---|---|---|---|---|---|
| William T. Josem | Partner | 32 | $350 | 7.25 | $2,537.50 |
| Regina Hertzig | Partner | 26 | $350 | 1.25 | $437.50 |
| Cassie Ehrenberg | Senior Associate | 12 | $275 | 45.75 | $12,581.25 |
| Richard McCracken | Partner | 38 | $350 | 1.9 | $665 |
| Andrew Kahn | Partner | 25 | $350 | 1.8 | $630 |
| Paul More | Associate | 9 | $275 | 57.4 | $15,785 |
|  |  |  |  | **TOTAL** | $32,636.25 |

This Court finds that the hourly rates claimed above are reasonable for this geographical region, and reasonable for attorneys with the claimed experience.  Moreover, having examined the hourly record submitted to the Court, the Court finds that the time expenditure in this case by each attorney is reasonable as well.

Plaintiffs' exhibits also request payment of costs in the amount of $1,150.82 (filing fees and Westlaw research costs).  Together with the attorneys' fees listed in the above table, Plaintiffs claim a total of $33,787.07.  The Court finds that the total amount claimed is reasonable.

**IV.**     **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion is **GRANTED**, and attorneys' fees and costs are awarded in the amount of $33,787.07.  An accompanying Order shall issue today.


Dated:  4/25/2012                                          /s/ Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge